Green, J.
delivered the opinion of the court,
At the April term, 1829, of the Lincoln county court, the defendant in' error obtained a judgment against the Fayetteville Tennessee Bank for nine hundred and ten dollars, upon which an execution issued. On the 24th of March, 1835, anotherft.fa., issued, on which the sheriff returned, “No effects of the Fayetteville Tennessee Bank found in my county, on which to levy this ft. fa., garnisheed Joseph Hinkle and Elliot Hickman, which is herewith returned.” The garnishee-summons issued the 14th of April, 1835. — ■ Hinkle appeared and answered interrogatories.
The material facts stated in his answer are, that in 1820, he was *138 owner of seventy-four shares of the stock of the Fayetteville Tennessee Bank, upon which he had paid one thousand eight hundfed and fifty dollars; and that he had borrowed, in addition to other sums, three thousand dollars, for which the bank discounted his. note, and all of which he had paid, except the sum of one thousand eight hundred and fifty dollars, the amount which had been paid on his stock; that by an agreement with the bank, in 1821, he had transferred all his stock to the bank, and the bank gave up his note for his stock. When these transactions occurred he was solvent, and able to pay, and the transfer was made to avoid further responsibility as a stockholder in said bank. He does not think he is indebted to the bank.
Upon these facts the county court, by virtue of the act of 1821, ch. 197, gave judgment against Hinkle; from which he appealed to the circuit court. In the circuit court it was agreed that he might rely on the statute of limitations as if pleaded, provided he could at that time file, such plea. The circuit court rendered judgment against him, from which he prosecutes his appeal in error to this court.
1. The first question is, could Hinkle, the garnishee, rely upon the statute of limitations in his defence, although he did not, upon his examination, insist upon that defence, nor offer to make it by plea in the county court. We think he had a right, in the circuit court, to insist upon this defence. The proceedings by garnishment are peculiar. There are no pleadings drawn out in writing, on either side. The execution against the original debtor, the garnishee-summons and the declaration of the garnishee constitute the case. The pleadings are ore terms. Each party insists before the court upon the legal questions, whether for judgment or for de-fence that may arise upon the facts stated. It is not necessary that the garnishee upon his examination shall insist upon every matter of defence which may legally exist upon the facts he discloses. He is called upon to disclose the facts in relation to his indebtedness. This he can do without the assistance of counsel. But to say that he can make no defence, that he does not himself rely upon his examination, would be to entrap ignorant men, not informed of the defence they ought to make, and render them liable in cases where, by the law, no judgment ought to be rendered.
2. But it is said that this plea cannot avail the present case, because the answer of Hinkle acknowledges a subsisting debt. In *139 this position the counsel is mistaken as to the fact. He says expressly he does not think he is indebted to the bank. If the disclosure that he had transferred the stock to avoid responsibility, should be considered as evidence of fraud, that would i’ender that transaction void as to creditors; still this is a history of the transaction upon which the law would create him debtor to the bank for the benefit of the creditors, and not such an acknowledgment of a debt as would take the case out of the statute, if the bank were suing and there were no impediment of fraud in the way of a recovery.
• 3. It is contended that a garnishment is not such an action as will admit of the plea of the statute of limitations. It is true, this proceeding is not mentioned in the statute, but it would be strange if after a debt has been barred by the statute of limitations, so that the original creditor could not recover it, the debtor might be summoned by an execution-creditor of his creditor, and be stript of a defence, which would be a complete protection, had his creditor sued. We think, that as this proceeding is in effect, the prosecution of the claim of the creditor by means of the garnishment, the debtor is entitled to all the defences upon the garnishment which he could make against his -creditor had he sued, except such as might exist against a creditor in consequence of collusion with his debtor to avoid the payment of his debts. The time, therefore, that would bar the demand as between a debtor and his immediate creditor may be relied on, and constitutes a good defence for the debtor when garnisheed.
4. But it is said the statute does not apply here because this was a debt for stock that is due at any time, whenever the directors may call for it. But this demand is not of the character suggested in this proposition. Here Hinkle had given his note for his stock, which the bank held, and which he was liable to pay at any time it might be demanded. This note was given up in 1821, and the stock transferred, and the whole matter was settled between him and the bank. The garnishee-summons issued fourteen years af-terwards. The bank could not recover, were the question of fraud out of its way; and to allow Currin to do it, would be placing him in a better situation than th6 creditor of Hinkle could possibly have been.
We think the judgment should be reversed, and order it accordingly.